

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 9, 2019**

_____
**United States Bankruptcy Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 18-31575-BJH** |
| | § | |
| **HARD-MIRE RESTAURANT** | § | **(Chapter 11)** |
| **HOLDINGS, LLC f/d/b/a** | § | |
| **CAMPUZANOS DALLAS, LLC,** | § | **Related to ECF Nos. 58 & 73** |
| | § | |
| Debtor. | § | |

**MEMORANDUM OPINION AWARDING REASONABLE
ATTORNEYS' FEES AND COSTS PURSUANT TO 29 U.S.C. § 216(b)**

## I.    INTRODUCTION.

On July 25, 2019, this court issued a Memorandum Opinion [DE # 75] overruling in part

an objection to a proof of claim, Claim No. 6, filed by Jose Jorge Dominguez ("**Claimant**" or "**Mr.**

**Dominguez**"), a former employee of Hard-Mire Restaurant Holdings, LLC, f/d/b/a Campuzanos

Dallas, LLC (the "**Debtor**" or the "**Reorganized Debtor**").  Claimant alleged in his proof of claim

that he was owed $101,253.75 in damages arising from the Debtor's failure to pay him overtime wages in accordance with the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (the "**FLSA**"). The Reorganized Debtor lodged an objection to Claim No. 6, and the court held an evidentiary hearing on June 12, 2019 ("**Hearing**"). On July 25, 2019, the court issued the aforementioned Memorandum Opinion, pursuant to which it allowed Claim No. 6 in the reduced amount of $19,357.64, comprised of $9,678.82 in unpaid overtime wages and $9,678.82 in statutory liquidated damages. Pursuant to 29 U.S.C. § 216(b), having prevailed on his overtime wage claims, Claimant is entitled to recover reasonable attorneys' fees and costs from the Reorganized Debtor.[1]

The court indicated it would rule on the issue of attorneys' fees and costs in a separate opinion. On July 10, 2019, Claimant's attorney, J.H. Zidell, P.C. ("**Zidell**"), filed a "Creditors' Verified Motion for Attorneys' Fees and Costs Pursuant to 29 U.S.C. § 216(b)" [DE # 73] ("**Request for Fees and Costs**"), to which the Debtor objected on July 18, 2019 [DE # 74] ("**Objection**"). This Memorandum Opinion addresses the Request for Fees and Costs and the Objection. As set forth below, the court is awarding **$59,272.70** in fees and **$4,806.50** in costs, for a total of **$64,099.20**.

## II.     THE REQUEST FOR FEES AND COSTS.

Pursuant to the Request for Fees and Costs and a billing log attached thereto, Zidell seeks fees in the amount of **$75,894**, and costs and expenses in the amount of **$29,611.42**, for a total of **$105,505 .42**. Meanwhile, earlier in the case (well before the Hearing), Zidell filed Claim No. 7 in which it stated a claim for attorneys' fees and costs in the amount of **$25,000**.[2] The actual

---

[1] Claimant's attorneys filed a separate proof of claim, Claim No. 7, seeking fees and costs under the FLSA in the event the Claimant prevailed.

[2] Claim No. 7 at 1 (Part 7). Although Claim No. 7 clearly states the amount of the claim is $25,000, it later alleges that the basis of the claim is "**approx. 25-30K fees and costs**—see attached FLSA suit." *Id.* (Part 8). Because the

amount now sought is significantly more than the original proof of claim. More to follow on this discrepancy.

### A. The FLSA Mandates an Award of Reasonable Fees and Costs to a Prevailing Plaintiff.

Before turning to the amount of Zidell's fees and costs, the court must first address the Reorganized Debtor's argument that, because Mr. Dominguez holds only a general unsecured claim against the estate, Zidell may not "bootstrap attorney fees and expense incurred after the filing of the Bankruptcy case."[3] In support of this argument, the Reorganized Debtor cites to several cases which stand for the proposition that unsecured creditors are not entitled to postpetition attorneys' fees.[4] What the Reorganized Debtor overlooks, however, is that 29 U.S.C. § 216(b) *mandates* the award of reasonable attorneys' fees to a prevailing plaintiff.[5] Accordingly, this objection to Zidell's fees is overruled.

### B. Estoppel Effect, if Any, of the Earlier Filed Proof of Claim—at Least as it Pertains to Fees and Costs Incurred Prepetition.

Turning to Zidell's fees, the court first notes that of the $75,894 of total fees sought, **$37,791** were incurred prepetition and **$38,103** were incurred postpetition. Thus, the $25,000 alleged in Zidell's proof of claim was understated by $12,791. Additionally, the court has culled through the submitted expenses and—even assuming that they constitute allowable "costs" (more on that subject to follow)—there appear to have been **$15,812.69** incurred in the prepetition time

---

claim was alleged in the amount of $25,000, that is the figure that will be used by the court in its analysis. Moreover, since the claim did not distinguish between fees and expenses, the court will allocate the full $25,000 to fees, with expenses to be addressed separately in this Memorandum Opinion.

[3] Objection ¶ 14.

[4] *Id.* ¶ 15.

[5] "The general rule in our legal system is that each party must pay its own attorney's fees and expenses …." *Perdue v. Kenny A ex rel. Winn*, 559 U.S. 542, 550 (2010). In FLSA cases, however, § 216(b) states that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "Under the FLSA, an employer who violates the statute is also required to pay attorney's fees." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing 29 U.S.C. § 216(b)).

period and **$13,798.73** incurred in the postpetition time period. If one adds the **$37,791** of prepetition fees sought and the **$15,812.69** of expenses sought, this equals **$53,603.69** of total fees and costs sought relating to the prepetition time period. This is obviously far more than the $25,000 stated in Zidell's Claim No. 7. The court is at a loss to understand why billing statements reflecting actual prepetition fees and expenses were not attached to the claim, with a proviso that more fees and costs may be incurred postpetition in connection with any litigation over Mr. Dominguez's proof of claim.

The first question for the court is whether Zidell should be precluded from asking for anything more, for the prepetition time period, than the $25,000 in fees stated in Claim No. 7, particularly since actual figures were available to the firm at the time it filed its proof of claim. In other words, should the court "cap" prepetition fees at $25,000 because of Zidell's proof of claim? This would mean discounting the $37,791 of prepetition fees and costs by **$12,791** right at the outset, without regard to reasonableness or statutory allowability.

Pursuant to Bankruptcy Rule 3003(c)(3), a bankruptcy court in a Chapter 11 bankruptcy case "shall fix…the time within which proofs of claims or interest may be filed."[6] Bar dates are critical to the timely resolution of bankruptcy cases because they enable a debtor and creditor to know, reasonably promptly, each claim and the amount being asserted against the estate.[7] Therefore, a bar date order "does not 'function merely as a procedural gauntlet…but as an integral part of the reorganization process.'"[8] Thus, a bar date is akin to a statute of limitations and

---

[6] FED. R. BANKR. P. 3003(c)(3).

[7] *U.S. v. Kolstad, (In re Kolstad)*, 928 F.2d 171, 173 (5th Cir. 1991).

[8] *In re Enron Corp.*, 328 B.R. 75, 86 (Bankr. S.D.N.Y. 2005) (citing *In re Keene Corp.*,, 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995) (quoting *First Fidelity Bank, N.A. v. Hooker Invs., Inc. (In re Hooter Invs., Inc.)*, 937 F.2d 833, 840 (2d Cir. 1991)).

generally must be strictly observed.[9]  The decision to grant or deny an amendment to a timely-filed proof of claim rests within the sound discretion of the bankruptcy judge.[10]

There are five factors the court must weigh in considering whether to allow an amended claim: (1) prejudice to the opposing party; (2) delay by the creditor; (3) the extent to which other creditors will receive a windfall if the amendment is not permitted; (4) prejudice to other creditors; and (5) the reason given for amending after the bar date.[11]  As explained below, all applicable factors[12] weigh in favor of denying prepetition fees in excess of $25,000.

In this case, the court fixed September 5, 2018 as the bar date.  Zidell timely filed Claim No. 7 on August 23, 2018.  The Request for Fees and Costs, which materially increased the prepetition amounts requested, was not filed until July 10, 2019.  At no point has Zidell explained why it failed to accurately estimate its fees, what steps it took to estimate its fees, why actual billing statements were not attached to the claim, or why the claim was not amended in the time between when it was filed and the passage of the bar date.  Moreover, permitting an amendment to Claim No. 7 on these facts would not only reward Zidell for putting no effort into filing an accurate claim, but prejudice the Reorganized Debtor by burdening it with substantial attorneys' fees it had no reason to expect.[13]  Thus, factors (1), (2), and (5) weigh in favor of denying all prepetition fees in excess of $25,000.

---

[9] *Id.* (citing cases).

[10] *Id.*; *In re Dortch*, 2009 WL 6764538, at *2 (Bankr. N.D. Tex. 2009).

[11] *Dortch*, 2009 WL 6764538, at *2 (citing *In re Integrated Resources, Inc.*, 157 B.R. 66, 70 (S.D.N.Y. 1993); *In re McLean Industries, Inc.*, 121 B.R. 704, 708 (Bankr. S.D.N.Y. 1990)).

[12] The Reorganized Debtor's confirmed plan contemplates paying all creditors in full over a period of five years. Based on that plan and the related financial projections, factors (3) and (4) are not applicable to this case.  *See* Amended Plan of Reorganization [DE # 49] at Art. 5; Hard-Mire Restaurant Holdings, LLC Projections [DE # 47-2].

[13] *See In re Integrated Resources, Inc.*, 157 B.R. at 70 ("Ordinarily, to be within the scope of a permissible amendment, the second claim should not only be of the same nature as the first but also reasonably within the amount to which the first claim provided notice.") (citing *In re Am Intern., Inc.*, 67 B.R. 79, 82 (N.D. Ill. 1986)).

**Memorandum Opinion**                                                                                                              **5**

For these reasons, the court will limit Zidell's prepetition fees to $25,000, the amount stated in Claim No. 7.[14]

### C. The Reasonableness of the Attorneys' Fees Generally.

Turning to the details pertaining to the attorneys' fees sought in the Request for Fees and Costs, the timekeepers were Robert Manteuffel, Esq.,[15] who billed 164.5 hours at the rate of $390 per hour, and Joshua Petersen, Esq.,[16] who billed 45.3 hours at the rate of $260 per hour. An attorney named J.H. Zidell, whose rate is $390 per hour, worked 11 hours on the Dominguez matter but is not requesting any fees.

The determination of reasonable attorneys' fees is left to the sound discretion of the trial court.[17] The burden is on the applicant to establish the reasonableness of the award.[18] Courts use the "lodestar method" to assess attorneys' fees in FLSA suits.[19] This generally means that the court must first determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating attorneys.[20] The lodestar is then computed by multiplying the number of hours reasonably expended by the reasonable hourly rate.[21] The courts

---

[14] The court appreciates that "[a]mendments to timely-filed proofs of claim are liberally permitted to 'cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim'" and that the principal concern in addressing amendments to proofs of claims is to ensure that no new claim is being tardily asserted. *Kolstad*, 928 F.2d at 175 (quoting *In re International Horizons, Inc.*, 751 F.2d. 1213, 1216 (11th Cir. 1985)). What the court cannot overlook is that Zidell was in full control of *all* information it needed to timely and *accurately* file a proof of claim. Instead of compiling its billing statements through the petition date and attaching them to the proof of claim, Zidell chose to estimate its fees and place a bare-bones proof of claim on file—a claim it then failed to timely amend. The court cannot condone this heedless disregard of the claims-filing process.

[15] Licensed to practice in Texas since November 1991.

[16] Licensed to practice in Texas since May 2013.

[17] *See Weeks v. Southern Bell Telephone and Telegraph Co.*, 467 F.2d 95, 97 (5th Cir. 1972) (and cases cited therein).

[18] *See Dodge v. Hunt Petroleum Corp.*, 174 F.Supp.2d 505, 508 (N.D. Tex. 2001) (Lindsay, J.) (citing *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995); *In re Smith*, 966 F.2d 973, 978 (5th Cir. 1992)).

[19] *Saizan v. Delta Concrete Prods., Co.*, 448 F.3d 795, 799 (5th Cir. 2006).

[20] *Id.*

[21] *Id.*

typically then consider the *Johnson* factors to consider whether to adjust the lodestar upward or downward.[22] There is a strong presumption of the reasonableness of the lodestar amount."[23] Even though "the amount involved and results obtained" are among the *Johnson* factors, courts in the context of FLSA awards have been known to hold that the attorneys' fees sought need not be precisely proportionate to the result obtained.[24]

The court finds the hourly billing rates for the attorneys involved to be reasonable. The court was presented numerous published and unpublished decisions by district judges in this district that have so held.[25]

The court finds the following factors to be particularly meaningful in evaluating the reasonableness of the hours expended by the Claimant's attorneys: (1) in the present cause, the Debtor vigorously pursued a complete defense against Claimant's FLSA claims based on the managerial exemption to the overtime requirements of the FLSA; (2) this defense required Claimant's counsel to locate and subpoena numerous other former employees of the Debtor to obtain evidence to counter the Debtor's managerial exemption defense (the key issues in this case

---

[22] *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

[23] *Saizan*, 448 F.3d at 799 (citation omitted).

[24] *See Davis v. Locke*, 936 F.2d 1208, 1215 (11th Cir. 1991) (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986) ("'Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.'")). "'Given the nature of claims under the F.L.S.A., it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples.'" *Hernandez v. Aleman Cost., Inc.*, 2013 WL 2873289, at *6 (N.D. Tex. Nov. 1, 2013) (quoting *Powell v. Carey Int'l., Inc.*, 547 F.Supp.2d 1281, 1286 (S.D. Fla. 2008).

[25] In *Alonso v. Tepa Mar Y Tierra, Inc.*, 2014 WL 12577102 (N.D. Tex. July 8, 2014), Judge O 'Connor awarded both J.H. Zidell, Esq. and Robert L. Manteuffel their attorney's fees at $350.00/hr. In *Arriaga v. Califco, LLC*, 2013 WL 5928852 (N.D. Tex. Nov. 5, 2013), Judge Fitzwater awarded both Robert L. Manteuffel and J.H. Zidell, Esq. their attorney's fees at $350/hr. Similarly, in *Martinez v. Maristan d/b/a Lumar Co.*, Case No. 3:13-cv-00455-K, Judge Kinkeade awarded both Robert L. Manteuffel and J.H. Zidell, Esq. rates of $350.00/hr. Further, in *Mendoza v. Valrom Enterprises, Inc.*, Case No. 3:10-CV-2629-P, Judge Solis awarded Robert L. Manteuffel $350.00/hr. and J.H. Zidell $325/hr. In *Madriz v. Wright Tree Service Inc.*, Case No. 3:11-CV-0251-N, Judge Godbey awarded plaintiffs' attorneys' fees at $325/hr. for J.H. Zidell, Esq. and $350.00/hr. for Robert L. Manteuffel. More recently, in *Mancia v. JJ Chan Food, Inc.*, 2016 WL 4468092 (N.D. Tex. June 21, 2016), United States Magistrate Judge Paul D. Stickney found that the rates sought by Claimant's counsel in this case, $390.00 per hour for Mr. Manteuffel and $260.00 per hour for Mr. Petersen, were reasonable and within the market rates for attorneys handling this type of litigation in the Dallas area.

were all highly fact-specific and required a significant amount of discovery); (3) Claimant was at one point forced to file a motion to compel in order to obtain contact information for other employees who might be potential witnesses, as well as a motion to enforce the order granting the motion to compel; (4) Claimant does not speak English as his first language, which required that more time be spent in any activity or task requiring communication, *e.g.,* trial, depositions, mediation, and client conferences due to the use of an interpreter; and (5) finally, due to a resetting of the trial in district court before the bankruptcy filing, and then the bankruptcy filing (which necessitated the filing of a proof of claim—which had to be adjudicated in the bankruptcy court), Claimant's counsel had to prepare for trial three times, the last being the hearing in the bankruptcy court.

On the other hand, the court believes that there has been some lack of showing of billing judgment with regard to the attorneys' fees. Zidell must show the reasonableness of the hours billed, which requires a showing that the attorneys exercised billing judgment.[26] To establish that billing judgment was exercised, Zidell must provide documentation of the hours charged and hours written off as "unproductive, excessive, or redundant."[27] Zidell's billing records show that its legal team expended 220.8 hours of billable work, but Zidell has only identified 11 hours for which its attorneys are not seeking fees (hours expended by attorney J.H. Zidell, with no specification as to the basis for writing off this attorney's time other than it was "in an exercise of billing

---

[26] *See Saizan*, 448 F.3d at 799.

[27] *Id.* (footnote omitted); *see also League of United Latin Am. Citizens,* 119 F.3d at 1232 (citing *Watkins v. Fordice,* 7 F.3d 453, 457 (5th Cir. 1993)); *see also Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996) (noting burden is on plaintiff to show he exercised billing judgment).

judgment").[28]  A court may reduce an award based on the moving party's failure to "indicat[e] time written off as excessive or unproductive" in its records.[29]

The court finds that Zidell's failure to identify or document any hours written off by the primary timekeepers (Manteuffel and Peterson) as excessive or unproductive indicates some lack of billing judgment.  While a court should not deny a request for attorneys' fees based on a lack of evidence showing billing judgment, the Fifth Circuit recognizes that a court may reduce the award "by a percentage intended to substitute for the exercise of billing judgment."[30]  Accordingly, the court finds that a reduction of Zidell's total fee by 10% for a lack of billing judgment is appropriate.  Because the court has already imposed a significant reduction in Zidell's prepetition fees, however, the 10% reduction will only apply to postpetition fees billed, resulting in allowed postpetition fees of **$34,292.70** ($38,109 x .9).

D.  *Requests for Costs.*

Zidell also requested **$29,611.42** in costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.  These expenses were detailed in a Bill of Costs, Claimant's Itemization and Documentation in Support of Bill of Costs, and other supporting documents submitted by Zidell.  The largest items were:  Bankruptcy Lawyers retained and paid by Zidell (Johnson & Pratt) at a total cost of $11,040.30; Mediator Fee of $1,000; Depositions at a total cost of $2,147.55; service of process fees on numerous potential witnesses (well over a dozen) at a total cost of $4,752

---

[28] *See generally* Request for Fees and Costs ¶ 19 & n.3.

[29] *See Saizan*, 448 F.3d at 800; *see also Walker*, 99 F.3d at 769 n.9 (quoting *Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir. 1990), *modified on other grounds*, 903 F.2d 352 (5th Cir. 1990) ("Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but also hours written off.") (internal quotation marks omitted); *La. Power & Light Co.*, 50 F.3d at 324 (stating courts "customarily require the applicant to produce contemporaneous billing records or other sufficient documentation"); *Leroy v. City of Hous.*, 831 F.2d 576, 585 n.15 (5th Cir. 1987) (noting plaintiff's billing records were "completely devoid of any hours written off"); *Humphrey v. United Way of Tex. Gulf Coast*, 802 F.Supp.2d 847, 865 (S.D. Tex. 2011) (finding plaintiff exercised billing judgment because record showed that attorneys wrote off entries that were redundant).

[30] *See Saizan*, 448 F.3d at 799.

(most often at a cost of $75, plus $40 witness fees, and many times more than one attempt had to be made); and Interpreter Services at a cost of $1,308.50.

Section 1920 provides an enumerated list of items that a court may tax as costs including: fees of the clerk; fees of the court reporter; fees for printing and witnesses; fees for copies necessary for use in the case; docket fees; and compensation for court appointed experts.[31] The Supreme Court has ruled that, where an expense is not enumerated in Section 1920, it may be awarded only when explicit statutory authorization to do so can be found in other governing law.[32] In addition, the Supreme Court has held that the term "costs" as used in Rule 54(d) is defined by Section 1920.[33] Some of the "costs" at issue here – mileage, parking, teleconference fees, postage, private process servers, mediation fees, and office supplies – are not included in this enumerated list.[34] Claimant provides no additional statutory authorization for these costs. Although there may be some nonbinding authority from certain courts for the proposition that litigation expenses besides those listed in Section 1920 are recoverable under the FLSA, this court believes that the Fifth Circuit's decision in *Gagnon*[35] refutes a more expansive view of recoverable costs. Therefore, the court rejects requested costs for bankruptcy lawyers, process serving, mediation services, mileage, parking, office supplies, and mailing costs. Zidell may recover costs for its

---

[31] *See* 28 U.S.C. § 1920.

[32] *See Mota v. The Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987)).

[33] *See Crawford Fitting,* 482 U.S. at 441-42.

[34] *See* 28 U.S.C. § 1920; *see also Mennor v. Fort Hood Nat'l Bank,* 829 F.2d 553, 557 (5th Cir. 1987) (concluding that "section 1920 does not regulate out-of-pocket attorney costs"); *Gagnon v. United Technisource, Inc.*, 607 F.3d 1026, 1045 (5th Cir. 2010) (vacating district court's award of costs in FLSA case for costs not specifically enumerated by Section 1920, including fees for private process servers, teleconference fees, and postage); *Marmillion v. Am. Intern. Ins. Co.*, 381 F. App'x 421 (5th Cir. June 16, 2010) (In the Fifth Circuit, "absent exceptional circumstances, the costs of a private process server are not recoverable under Section 1920.").

[35] *Gagnon v. United Technisource, Inc.*, 607 F.3d 1026 (5th Cir. 2010).

**Memorandum Opinion**                                                                                           **10**

filing fee ($400), witness fees ($880), court reporting/transcripts for depositions ($2,147.55), necessary copying costs ($70), and interpreting services ($1,308.5), which total **$4,806.50**.

Thus, for the reasons explained above, the court awards reasonable attorneys' fees in the amount of **$59,292.70** ($25,000 + $34,292.70) and costs of **$4,806.50**, for a total award of **$64,099.20**.

Zidell is directed to prepare a form of order, circulate it to opposing counsel for review, and upload it within 14 days of entry of this Memorandum Opinion. If the parties are unable to agree to a form of order, each party shall provide to the Courtroom Deputy its preferred from of order with an explanation of why its proposed form is proper.

### # # # END OF MEMORANDUM OPINION # # #